*New-Haven,*
November,
1816.

WITTER and Wife *against* MOTT and others :

#### IN ERROR.

THIS was an appeal from a decree of the court of probate for the district of *Norwich,* approving and ordering to be recorded the will of *Samuel Mott,* deceased. The will contained devises of the testator's real estate, and was duly made and attested on the 4th day of *June* 1812. The deceased afterwards wrote upon said will as follows : " This will is invalid, *March* 9th, 1813, as Mr. *Luther Smith* has agreed that my wife shall claim no right of dower, and bound himself accordingly. *Samuel Mott.*" The above memorandum was not attested by any subscribing witness, nor was any seal affixed to the signature.

The appellees claimed, that the will was not thereby revoked. They also relied upon sundry parol declarations, made by the testator after the 9th day of *March* 1813, that he considered his will in full force, and intended that his estate should be distributed accordingly. The superior court affirmed the decree of the court of probate ; whereupon this writ of error was brought.

Soon after the opening of the court, on *Thursday* afternoon of the first week of the term, *Peters,* for the defendants in error, offered a plea in abatement, on the ground that the bond given to prosecute the writ of error was that of one of the plaintiffs only, *without surety,* as required by stat. *tit.* 58. *s.* 7.

*Sherman,* contra, insisted that this plea came too late, and could not be received. He referred to *Bulkley* v. *Starr,* 2 *Day's Ca.* 552.

BY THE COURT. The plea cannot be received. Let the cause proceed upon the merits.

*Sherman,* for the plaintiffs in error, contended, 1. That the words " *This will is invalid,*" in the hand-writing of the deceased, and by him subscribed, amounted to a revoca-

In the supreme court of errors, a plea in abatement will not be received after the opening of the court in the afternoon of the third day of the term.

A will containing devises of real estate being duly made and attested, the testator afterwards wrote on the back thereof, and subscribed, a declaration in these words : *" This will is invalid, March* 9th, 1813 ; as *L. S.* has agreed that my wife shall claim no right of dower, and bound himself accordingly :"* Held, that such declaration was an express revocation of the will.

A writing expressly revoking a will is sufficient for that purpose without the attestation of witnesses.

A will once revoked by a written declaration, cannot be set up, or republished, by parol.

tion.  In *England,* previous to the statute of frauds, devises of lands by custom, or pursuant to the statute of wills, (32 *Hen.* 8. *c.* 1. and 34 & 35 *Hen.* 8. *c.* 5.) were revocable by words only, without writing.  6 *Cruise's Dig.* 79. *s.* 2. Our statute of wills, as far as it extends, is a transcript of the *English* statute of frauds ; but our legislature have *omitted* the 6th section of the latter statute, which requires a revocation, by an express declaration, to be in writing, signed by the devisor, in the presence of three witnesses.  If this subject had simply been left free from legislative restriction, it would have been sufficient for the present purpose ; but the rejection of the 6th section by our legislature, after adopting the 5th, shews a positive intention which cannot be disregarded. The maxim, *dissolvitur eo ligamine quo ligatur,* is not applicable to a devise.

2. That a devise which has been revoked, cannot be set up by parol.  6 *Cruise's Dig.* 119. 120.

*Peters,* for the defendants in error, insisted, 1. That the words relied upon did not amount to an *express* revocation ; and cited *Sutton* v. *Sutton, Cowp.* 812.  *Larkins & al.* v. *Larkins & al.* 3 *Bos. & Pull.* 16.  If the testator had intended to make an end of this will, he would not have preserved it.

2. That if there was an *implied* revocation, the subsequent declarations of the testator were properly admitted to rebut it.  The will was made originally with all the solemnities required by the statute.  If it has since been impaired by any declaration of the testator short of an express revocation, surely other declarations of the same testator may be shewn to explain or contradict, and thus destroy the effect of the former declaration.  *Hyde* v. *Hyde,* 1 *Eq. Ca. Abr.* 409. S. C. 7 *Bac. Abr.* 350. (*Wils.* edit.)

SWIFT, Ch. J.  The declaration subscribed by the testator on the back of his will—" *This will is invalid,*"—is an express revocation of it.  It is the same as if he had said, *this will is revoked.*  The reason which he has given cannot change the nature of the act.  If he had intended solely to vacate the legacy to his wife, he might have said it in so many words : and it cannot be known but that the agreement made that his wife should have no claim on his estate after

his death, was a reason why the whole will should be revoked. Where the words are plain and unequivocal, there is no room for construction or conjecture as to the intent.

It is not necessary that the revocation of a will should be attested by three witnesses. It is sufficient to be in writing; and then it may be proved like any other instrument.

When a will has been revoked in due form, by a written declaration, it cannot be set up, or republished, by parol.

I am of opinion that the judgment be reversed.

In this opinion the other Judges severally concurred, except GODDARD, J. who gave no opinion, having been of counsel in the cause.

Judgment reversed.