## HOWARD *et al. v.* HUNTER, executor.

A paper testamentary in character was executed with all the formality required by law for the execution of wills, the writing being on three pages of a double sheet of legal-cap paper, signed by the testator on the third page ; and the attesting clause signed by three witnesses was near the close of that page, with the name of the last witness on the last fold of the paper when the same was folded up.　On the back of the paper on the last fold was an entry in these words : " This will is made void by one of more recent date," this entry being followed by the signature of the testator, but there being no attesting or subscribing witnesses to the same : *Held* (1) That the entry upon the paper did not have the effect of an express revocation of the will by a writing, for the reason that the writing was not attested in the same manner that wills are required to be attested in this State.　(2) That the entry upon the paper did not have the effect of revoking the will by cancellation, for the reason that the entry did not obliterate or cancel any part of the will itself.

Submitted March 1, — Decided April 26, 1902.

Appeal from probate of will.　Before Judge Holden.　Oglethorpe superior court.　April 17, 1901.

*Hamilton McWhorter* and *Strickland & Green,* for plaintiffs in error.　*Samuel H. Sibley* and *W. R. Mustin,* contra.

COBB, J.　A paper purporting to be the last will of J. W. Howard was propounded for probate by the nominated executor, and certain persons, describing themselves as the heirs at law of Howard, filed their caveat objecting to the probate of the paper as a will, upon the ground that after the paper was executed Howard revoked the same, and that therefore it was not his last will.　The case was carried by appeal to the superior court, and at the trial in that court the judge directed a verdict in favor of the propounder. The case is here upon a bill of exceptions filed by the caveators, complaining that the court erred in refusing to grant them a new trial.　It appears from the evidence that the paper propounded as a will was executed with all the formalities required by law for the execution of wills.　When offered in evidence it was objected to on the ground that it appeared from the paper itself that as a will it had been revoked by the testator, this objection being based on the following state of facts : The will was written on three of the pages of a double sheet of legal-cap paper, and signed on the third page.　The attesting clause signed by the witnesses was near the close of the last page, the name of the last witness being on the

last fold of the paper when the same was folded up. Across the back of the paper on the last page and over this last fold were these words: " This will is made void· by one of more recent date. J. W. Howard." Had this part of the paper been torn off as folded, the name of one of the witnesses to the will would have been torn from the paper. Did this entry upon the will have the effect to revoke the same ? The code declares that express revocation by written instrument must be executed with the same formality and attested by the same number of witnesses as are requisite for the execution of a will. Civil Code, § 3342. It is apparent therefore that the entry upon the will can not have the effect of an express written revocation, and this was practically conceded by counsel for the plaintiffs in error. It was contended that, although the entry would fail as a written revocation, it would nevertheless operate as a revocation, for the reason that it amounted to a cancellation of the will. A will may be revoked by destruction or obliteration done by the testator, or by his direction, with the intention to revoke, and an intention to revoke will be presumed from the cancellation or obliteration of a material portion of the will. Civil Code, § 3343. In order for an obliteration or cancellation to be effective as a revocation, it is necessary that the obliteration or cancellation should be upon the will itself, and be of such a character as to indicate clearly that it is the intention of the testator that the paper should be no longer operative as a will. While the mere obliteration or cancellation of an immaterial part of the paper, such as the seal, will not, under the law of this State, raise any presumption of an intention to revoke, if any material part of the will is obliterated or marked, or words indicating an intention to revoke written across the same, a presumption of revocation will arise, and the instrument will be said to have been revoked as a will by cancellation. If, however, the paper be intact, and no material part of the same be obliterated, written across, or cancelled in any way, the mere fact that there may appear words on some portion of the paper upon which the will is written, which would indicate an intention to revoke, will not have the effect of revoking the will, when the words are not written in such a way as to have the effect of obliterating or cancelling or destroying any words of the will itself. A will may be revoked by a writing, or a will may be revoked by a cancellation. In each case an intention to revoke is necessary to a complete revocation.

But even though the intention to revoke be present, a revocation will not result unless one of the methods prescribed in the statute is pursued. Even though there be an intention to revoke by cancellation, and this intention be plainly apparent, a revocation will still not result unless some material portion of the will is obliterated or cancelled. And so if there be an intention to revoke by written instrument, the will will not be revoked unless the writing be signed and attested in the manner provided for the execution of a will itself. In the present case it is manifest that the testator had the intention to revoke. This intention was to revoke by written instrument, and the revocation fails for the reason that the writing was not signed in the presence of three witnesses in the manner provided in the statute. The writing can not operate as a revocation by cancellation, for the reason that no material portion of the will is cancelled or obliterated. We think this conclusion is demanded by the provisions of our code. The provisions of the code on the subject of revocation of wills are substantially the same as those of the English statute of frauds. In the case of Ladd's Will, 60 Wis. 187, it was held, under a statute which contained provisions very similar to those in our code on the subject of revocation of wills by written instrument and cancellation, that where a will was written on the first page of a double sheet of paper and the testatrix wrote upon the fourth page of the sheet the words, "I revoke this will," signing and dating the same, but such writing was not attested or subscribed by witnesses, the words did not take effect as a written revocation, nor did the same amount to a cancellation of the will. The conclusion just stated was reached in that case after an exhaustive examination of authorities which are collected together in the opinion of Mr. Justice Cassoday. In Lewis v. Lewis, 2 Watts & S. 435, it was held that the word "obsolete," written by a testator on the margin of his will, but not signed in the manner provided in the statute of Pennsylvania, did not operate as an express revocation of the will, nor amount to a cancellation of the same. In the case of Warner v. Warner, 37 Vt. 356, it was held that where a testator wrote his will mostly upon one side of a half sheet of foolscap paper, the signature and attestation clause being upon the other side of the same paper near the top, and two years afterwards wrote below all the writing and near the middle of the sheet, "This will is hereby cancelled and annulled in full,

this 15th day of March, 1859," this amounted to a revocation of the will by cancelling.   The ruling made in that case was said by Mr. Justice Cassoday, in the opinion in the case above referred to, to be " in opposition to the principles maintained by some of the best adjudicated cases," and attention was called to the fact that that decision was condemned by one of the ablest text-writers on the subject of wills.   See 1 Redf. Wills (4th ed.), *318.   In the case of Semmes *v.* Semmes, 7 Har. & J. 388, which is sometimes cited as authority for the proposition that a written entry upon a will may have the effect to revoke the same as by cancellation, it appeared that there was not only a written entry upon the will indicating an intention to revoke, but a pen had been drawn across the signature of the testator and the names of the subscribing witnesses, which of course would have the effect of cancelling the will independently of the entry upon the paper.   As to the effect of drawing lines with a pen across words in a will, see In re Kirkpatrick, 22 N. J. Eq. 463; In re Glass' Est. (Colo.), 60 Pac. 186.   In the case of Evans' App., 58 Pa. St. 238, where it was held that a will was cancelled, in addition to the word " cancelled " having been written upon the back of the will, the signature of the testator to a codicil was crossed out and the word " cancelled " written under it, the signature of the testator appeared in two places in the original will, and one of these was crossed out by a line drawn through it and the date written under it, and the will itself was torn in two places.   In Witter *v.* Mott, 2 Conn. 67, it was held that words expressive of an intention to revoke, written by a testator on the back of his will and signed, but not attested by three witnesses, operated as an express revocation of the will.   There was, however, no statute in Connecticut requiring written revocations of wills to be signed in the presence of three witnesses.   This case, of course, furnishes no authority, in view of our statute, for holding the entry on the will in the present case to be an express revocation in writing.

We have called attention to the cases from Vermont, Maryland, and Pennsylvania, for the reason that the two former were relied on by counsel for the plaintiff in error in the present case, and the latter is sometimes cited as authority for the proposition that there may be a cancellation of a will by an entry to that effect upon the paper, although such entry did not have the effect of obliterating

or cancelling any material part of the will.    The two latter cases are clearly distinguishable from the present case, for the reasons above stated.   The Vermont case supports the contentions of counsel, but in our opinion that case is not sound, and, as has been shown above, it has met with adverse criticism at the hands of a learned text-writer as well as at the hands of a jurist of undoubted learning and ability.    See also, upon the subject of revocation of wills by cancellation, Page, Wills, §§ 244 – 249; Schouler, Wills (3d ed.), § 419 et seq.; 1 Redf. Wills (4th ed.), *318 et seq.; 1 Under. Wills, § 228 et seq.; Pritch. Wills, § 262; Beach, Wills, § 55; 1 Jarm. Wills (6th Am. ed. Big.), *113 et seq.

Error is assigned upon the refusal of the judge to allow a witness to testify that, a few days before the death of the testator, he had arranged with him and two other witnesses to meet the testator at an appointed time and place for the purpose of witnessing the execution of a will; and in refusing to admit in evidence a paper purporting to be a will of J. W. Howard, which was unsigned. There was no error in either of the rulings complained of.    The only purpose in introducing this evidence was to show an intention on the part of Howard to revoke the will which was propounded for probate.   There was no question as to the fact that Howard had this intention.    It was manifest from the entry upon the paper, and the controlling question in the present investigation was whether this intention had been carried into effect.

The judge did not err in any of the rulings complained of, nor in directing a verdict in favor of the propounder.

*Judgment affirmed.    All the Justices concurring, except Lewis, J., absent.*