# Staunton

SALLY J. THOMPSON, ET AL. V. JENNIE BOWEN ROYALL, ET AL.

September 20, 1934.

Present, Campbell, C. J., and Holt, Hudgins, Browning and Chinn, JJ.

The opinion states the case.

*R. O. Crockett,* for the plaintiffs in error.

*N. Clarence Smith, H. M. Bandy, J. Powell Royall, James W. Harman* and *A. S. Higginbotham,* for the defendants in error.

HUDGINS, J., delivered the opinion of the court.

The only question presented by this record, is whether the will of Mrs. M. Lou Bowen Kroll had been revoked shortly before her death.

The uncontroverted facts are as follows: On the 4th day of September, 1932, Mrs. Kroll signed a will, typewritten on five sheets of legal cap paper; the signature appeared on the last page duly attested by three subscribing witnesses. H. P. Brittain, the executor named in the will, was given possession of the instrument for safe-keeping. A codicil typed on the top third of one sheet of paper dated September 15, 1932, was signed by the testatrix in the presence of two subscribing witnesses. Possession of this instrument was given to Judge S. M. B. Coulling, the attorney who prepared both documents.

On September 19, 1932, at the request of Mrs. Kroll, Judge Coulling, and Mr. Brittain took the will and the codicil to her home where she told her attorney, in the presence of Mr. Brittain and another, to destroy both. But instead of destroying the papers, at the suggestion of Judge Coulling, she decided to retain them as memoranda, to be used as such in the event she decided to execute a new will. Upon the back of the manuscript cover, which was fastened to the five sheets by metal clasps, in the handwriting of Judge Coulling, signed by Mrs. Kroll, there is the following notation: "This will null and void and to be only held by H. P. Brittain, instead of being destroyed, as a memorandum for another will if I desire to make same. This 19 Sept 1932

"M. Lou Bowen Kroll."

The same notation was made upon the back of the sheet on which the codicil was written, except that the name, S. M. B. Coulling, was substituted for H. P. Brittain; this was likewise signed by Mrs. Kroll.

Mrs. Kroll died October 2, 1932, leaving numerous nephews and nieces, some of whom were not mentioned in her will, and an estate valued at approximately $200,000. On motion of some of the beneficiaries, the will and codicil were offered for probate. All the interested parties in-

cluding the heirs at law were convened, and on the issue, *devisavit vel non,* the jury found that the instruments dated September 4th and 15, 1932, were the last will and testament of Mrs. M. Lou Bowen Kroll. From an order sustaining the verdict and probating the will this writ of error was allowed.

For more than one hundred years, the means by which a duly executed will may be revoked, have been prescribed by statute. These requirements are found in section 5233 of the 1919 Code, the pertinent parts of which read thus: "No will or codicil, or any part thereof, shall be revoked, unless * * * by a subsequent will or codicil, or by some writing declaring an intention to revoke the same, and executed in the manner in which a will is required to be executed, or by the testator, or some person in his presence and by his direction, cutting, tearing, burning, obliterating, canceling, or destroying the same, or the signature thereto, with the intent to revoke."

The notations, dated September' 19, 1932, are not wholly in the handwriting of the testatrix, nor are her signatures thereto attached attested by subscribing witnesses; hence under the statute they are ineffectual as "some writing declaring an intention to revoke." The faces of the two instruments bear no physical evidence of any cutting, tearing, burning, obliterating, canceling, or destroying. The only contention made by appellants is, that the notation written in the presence, and with the approval, of Mrs. Kroll, on the back of the manuscript cover in the one instance, and on the back of the sheet containing the codicil in the other, constitute "canceling" within the meaning of the statute.

Both parties concede that to effect revocation of a duly executed will, in any of the methods prescribed by statute, two things are necessary: (1) The doing of one of the acts specified, (2) accompanied by the intent to revoke—the *animo revocandi.* Proof of either, without proof of the other, is insufficient. *Malone* v. *Hobbs,* 1 Rob. (40 Va.) 346, 39 Am. Dec. 263; 2 Minor Ins. 925.

The proof established the intention to revoke. The entire controversy is confined to the acts used in carrying out that purpose. The testatrix adopted the suggestion of her attorney to revoke her will by written memoranda, admittedly ineffectual as revocations by subsequent writings, but appellants contend the memoranda, in the handwriting of another, and testatrix's signatures, are sufficient to effect revocation by cancellation. To support this contention appellants cite a number of authorities which hold that the modern definition of cancellation includes, "any act which would destroy, revoke, recall, do away with, overrule, render null and void, the instrument."

Most of the authorities cited, that approve the above, or a similar meaning of the word, were dealing with the cancellation of simple contracts, or other instruments that require little or no formality in execution. However there is one line of cases which apply this extended meaning of "canceling" to the revocation of wills. The leading case so holding is *Warner* v. *Warner's Estate,* 37 Vt. 356. In this case proof of the intent and the act were a notation on the same page with, and below the signature of the testator, reading: "This will is hereby cancelled and annulled. In full this the 15th day of March in the year 1859," and written lengthwise on the back of the fourth page of the foolscap paper, upon which no part of the written will appeared, were these words, "Cancelled and is null and void. (Signed) I. Warner." It was held this was sufficient to revoke the will under a statute similar to the one here under consideration.

In *Evans' Appeal,* 58 Pa. St. 238, the Pennsylvania court approved the reasoning of the Vermont court in *Warner* v. *Warner's Estate, supra,* but the force of the opinion is weakened when the facts are considered. It seems that there were lines drawn through two of the three signatures of the testator appearing in the Evans will, and the paper on which material parts of the will were written was torn in four places. It therefore appeared on the face of the instrument, when offered for probate, that there was a suf-

ficient defacement to bring it within the meaning of both obliteration and cancellation.

The construction of the statute in *Warner* v. *Warner's Estate, supra,* has been criticized by eminent textwriters on wills, and the courts in the majority of the states in construing similar statutes have refused to follow the reasoning in that case. Jarman on Wills (6th Ed.) 147, note 1; Schouler on Wills (5th Ed.) sec. 391; Redfield on the Law of Wills (4th Ed.) 323-325; 28 R. C. L. 180; 40 Cyc. 1173; *Dowling* v. *Gilliland,* 286 Ill. 530, 122 N. E. 70, 3 A. L. R. 829; Freeman's notes to *Graham* v. *Burch,* 28 Am. St. Rep. 339, 351; *Will of Ladd,* 60 Wis. 187, 18 N. W. 734, 50 Am. Rep. 355; *Howard* v. *Hunter,* 115 Ga. 357, 41 S. E. 638, 639, 90 Am. St. Rep. 121; *Sanderson* v. *Norcross,* 242 Mass. 43, 136 N. E. 170; *Gay* v. *Gay,* 60 Iowa 415, 14 N. W. 238, 46 Am. Rep. 78; *Brown* v. *Thorndike,* 15 Pick. (Mass.) 388; *Noesen* v. *Erkenswick,* 298 Ill. 231, 131 N. E. 622.

The above, and other authorities that might be cited, hold that revocation of a will by cancellation within the meaning of the statute, contemplates marks or lines across the written parts of the instrument, or a physical defacement, or some mutilation of the writing itself, with the intent to revoke. If written words are used for the purpose, they must be so placed as to physically affect the written portion of the will, not merely on blank parts of the paper on which the will is written. If the writing intended to be the act of cancelling, does not mutilate, or erase, or deface, or otherwise physically come in contact with any part of written words of the will, it cannot be given any greater weight than a similar writing on a separate sheet of paper, which identifies the will referred to, just as definitely, as does the writing on the back. If a will may be revoked by writing on the back, separable from the will, it may be done by a writing not on the will. This the statute forbids.

The learned trial judge, A. C. Buchanan, in his written opinion, pertinently said:

"The statute prescribes certain ways of executing a will, and it must be so executed in order to be valid, regardless

of how clear and specific the intent. It also provides certain ways of revoking and it must be done so in order to a valid revocation, regardless of intent. As said in *Will of Ladd,* 60 Wis. 187, 18 N. W. 734, 50 Am. Rep. at pp. 362-3:

" 'The difficulty with the rule contended for is that it gives to the words written in pencil, although not attested, witnessed, nor executed in the manner prescribed by statute, the same force as though they had been so attested, witnessed and executed, for the purpose of proving that the act of putting the words there was with the "intention" of revoking the will. It is the language, the expression by written words alone, which is thus sought to be made effectual; whereas the statute in effect declares that such written words shall have no force or effect as such unless executed, attested and subscribed as required.'

"The same reasoning led the Illinois court to the same conclusion in *Dowling* v. *Gilliland,* * * * (*supra*), where it is said:

" 'The great weight of authority is to the effect that the mere writing upon a will which does not in any wise physically obliterate or cancel the same is insufficient to work a destruction of a will by cancellation, even though the writing may express an intention to revoke and cancel. This appears to be the better rule. To hold otherwise would be to give to words written in pencil, and not attested to by witnesses nor executed in the manner provided by the statute, the same effect as if they had been so attested.'

"The same rule seems to prevail in New York, Massachusetts and North Carolina. The Georgia cases are to the same effect, although it does not appear that the Georgia statute is the same as ours.

"A different rule seems to be followed in Tennessee, as shown by *Billington* v. *Jones,* 108 Tenn. 234, 66 S. W. 1127, 56 L. R. A. 654, 91 Am. St. Rep. 751, but the court there points out that Tennessee has no statute on the subject, and says the same thing is true in Connecticut, where *Witter* v. *Mott,* 2 Conn. 67, was decided."

The attempted revocation is ineffectual, because tes-

tatrix intended to revoke her will by subsequent writings not executed as required by statute, and because it does not in any wise physically obliterate, mutilate, deface, or cancel any written parts of the will.

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*