# Richmond

## HARRY B. MOYERS, EXECUTOR, ETC. V. RUSH GREGORY.

April 8, 1940.

Record No. 2172.

Present, Campbell, C. J., and Holt, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Charles Curry* and *Forest T. Taylor,* for the appellants.

*Timberlake & Nelson,* for the appellee.

BROWNING, J., delivered the opinion of the court.

A paper purporting to be the last will and testament of J. T. Gregory was probated by the clerk of the Corporation Court of Staunton. It is in the following words and figures:
"May 15, 1937

"I Jacob Thomas Gregory, of Staunton, Virginia, Augusta County, of said state make this my last will and testament, having *revoking* all wills made by me, and direct the payments of my just *depts.* I give devise and *bequeth* to Harry B. Moyers and his wife Flossie the sum of five hundred dollars $500 for kindness shown me. And give and bequeath to my son Rush Gregory the remainder of my estate real and *person* if he can be located. His last *adress* Dayton Ohio c/o Allen C. McDonald, *Aty.* at Law. I *apoint* and direct that Harry B. Moyers *shell* be sole administrator with out bond.

"This Will is Null and Void after this Date January 12—1938.

"J. T. Gregory

"Signed *publishee* by Jacob Thomas Gregory as and for his last will and testament in the presence of us who in his presence at his request and in the presence of one another have *herento surscribed* our names as witness. This the 15 of May, 1937.

"A. L. Almarode    Seal

"S. L. Walters      Seal."

Rush Gregory, the only son and heir of J. T. Gregory, instituted a suit in the corporation court asking the court to declare the purported will to be null and void for the reason that it had been revoked by J. T. Gregory during his lifetime and after its execution by what is referred to by counsel as the "legend of revocation." The "legend of revocation" appears in a blank space between the body of the will and the attestation clause and above the signature of J. T. Gregory. Harry B. Moyers and Flossie Moyers were made defendants and answered the bill of complaint. An issue of *devisavit vel non* was awarded and by consent of the parties all questions of fact and law were submitted to the court without the intervention of a jury. The court found that the paper was a holographic will but that it had been revoked by the "legend of revocation" by the testator. The decree carrying the decision of the court into effect is now before us for review.

We must decide whether the will was revoked by the testator in accordance with the provisions of the Code, section 5233. That section is as follows: "No will or codicil, or any part thereof, shall be revoked, unless under the preceding section, or by a subsequent will or codicil, or by some writing declaring an intention to revoke the same, and executed in the manner in which a will is required to be executed, or by the testator, or some person in his presence and by his direction, cutting, tearing, burning, obliterating, canceling, or destroying the same, or the signature thereto, with the intent to revoke."

The will is written on a single sheet of paper and wholly in the handwriting of the testator. The body of the wlil and the attesting clause are in his own hand in imitation

printing. The signature of the testator and the language relied upon as a revocation of the will are in ordinary longhand.

The attesting witnesses definitely testified that the testator signed the will in their presence and at that time the revoking language, "This will is null and void after this date, January 12, 1938," was not on the will. The court found that all of the writing in the will—the body, the legend of revocation and the signature—was in the handwriting of the testator. This finding is amply supported by the evidence. In fact, there is no evidence to the contrary. The only writing on the will not in his hand is the signatures of the two attesting witnesses.

■ We have here a holographic will with attesting witnesses. The fact that there are attesting witnesses does not change its character. It remains a holographic will regardless of the presence of attesting witnesses.

■ The statute, Code, section 5233, provides the manner by which wills may be revoked. This must be followed in order that the revocation may be valid just as the provisions of the statute, Code, section 5229, must be complied with in order that a will may be valid. Under section 5229, if the will is written wholly in the handwriting of the testator and signed by him it is a valid will, and likewise under section 5233 if the revocation is in "writing declaring an intention to revoke the same, and executed in the manner in which a will is required to be executed" it is a valid revocation.

■■ In the absence of fraud and other like defenses, changes, interlineations and erasures in a holographic will, made after the execution of the will and wholly in the handwriting of the testator, do not invalidate the will if "his name still remains in such manner as to manifest that it was intended as a signature. The will then becomes reexecuted with all the changes as valid and subsisting parts of the new will." *Triplett's Ex'r* v. *Triplett,* 161 Va. 906, 172 S. E. 162. With like effect the same rule applies to a valid revocation. In other words, in order that the revoca-

tion be valid, it was not necessary that it be signed again if the name of J. T. Gregory remained in such manner that it was manifestly intended by him as and for his signature to the revocation.

The principles announced in *Triplett's Ex'r* v. *Triplett, supra,* are controlling. That case is the latest pronouncement of the court on the subject.

There are so many factual differences between this case and that of *Thompson* v. *Royall,* 163 Va. 492, 175 S. E. 748, that the latter is without controlling influence here.

█ The other assignment of error is without merit. The trial court in the exercise of a reasonable discretion clearly had the right to hear the testimony of the witnesses James A. Gregory and Charles S. Hunter after the evidence had been closed. This case was being heard upon the law and facts, by the court, without a jury and the introduction of this testimony was not likely to prejudice the rights of the appellants.

The excellent opinion of the learned chancellor, which is made a part of the record, disposes convincingly of the controlling issues in the case.

The decree is affirmed.

*Affirmed.*