19837. PAYNE *v.* PAYNE.

ARGUED SEPTEMBER 11, 1957—DECIDED OCTOBER 11, 1957—
REHEARING DENIED NOVEMBER 8, 1957.

*Matthews, Maddox, Walton & Smith,* for plaintiff in error.
*Vaughn Terrell, Gary Hamilton, Wm. G. Grant,* contra.

CANDLER, Justice. On April 24, 1956, Vance Payne filed a petition in the Court of Ordinary of Floyd County to probate in solemn form a will which J. T. Payne executed on June 29, 1934. He produced and filed with his petition the original will of the testator. A son and two daughters of the deceased filed a caveat which after being amended alleges that J. T. Payne revoked the instrument offered for probate by throwing it in the fire at his home on or about July 15, 1934, and that Mrs. J. T. Payne, the testator's wife and a legatee under his will, removed it from the fire, thus preventing its destruction. After judgment in the ordinary's court, the case was appealed to the Superior Court of Floyd County. There, and on the trial, the caveators admitted a prima facie case in favor of the propounder, and Mrs. Irene Payne, a witness for the caveators, testified that she was at the testator's home during July, 1934; that as she walked into the room where the testator and his wife were, she heard him say: "I am going to get rid of this damn will right now"; that he then threw it in the fireplace where there were some live coals and immediately turned around and walked out of the room; that Mrs. J. T. Payne "jerked the will or paper, document, or whatever it was that he said was a will" out of the fireplace and put it in her apron pocket and immediately left the room through a different door; that the paper rescued by Mrs. Payne was smoking on one end when she removed it from the fireplace; that only one end of the paper landed in the fire. On cross-examination, this witness testified that the

paper Mr. Payne threw in the fire was the color of the propounded will, but she would not say it was the same instrument. The caveators also introduced in evidence a photostatic copy of the propounded will, which shows a slight singeing of the cover sheet and a ragged left edge of the cover sheet, and the two sheets on which the will was written, but no word contained in the will is destroyed or rendered obscure in the slightest degree. The parties introduced other evidence, but none of it shows or tends to show actual destruction of the testator's will. The jury found in favor of the caveators, and a judgment refusing probate and record of the will was accordingly entered. The propounder's amended motion for a new trial was denied, and the exception is to that judgment.

A will does not confer any present right at the time of its execution. Until the death of the testator, it has been called ambulatory. It has been compared to an undelivered deed, which contains an expression of a purpose that has not gone into effect. In the absence of all statutory regulations, it would be revocable by any act or declaration that the purpose of the testator had changed, and that the paper no longer expressed his testamentary wish. This would, of course, leave wills open to attack by parol to a dangerous extent. To guard against such latitude, statutes have been passed and an act which will revoke a will must be one prescribed in the statute. *Hargroves* v. *Redd*, 43 *Ga.* 142; *Howard* v. *Hunter*, 115 *Ga.* 357 (41 S. E. 638). In the first of these two cases, it was said at page 157: "Experience has, however, found it necessary to limit, within certain fixed bounds, the modes in which wills may be revoked." In this State and since the adoption of our first Code in 1861, revocation of a will may be implied or express. Code § 113-402. An express revocation may be effected by any destruction or obliteration of the will by the testator, or by someone else at his direction, when the act of destruction or obliteration is coupled with an intention on the testator's part to revoke it. Code § 113-404.

The caveators contend that revocation of the will here involved was expressly effected when the testator with an intention to revoke it threw it in the fire. To sustain this contention, it will be necessary for this court to hold that an attempt by the testator

to destroy his will with an intention to revoke it effects its revocation. Would such a holding accord with the plain and unambiguous language of Code § 113-404, which provides for nothing less than actual destruction or obliteration of the will by the testator, or by his direction, with an intention on his part to revoke it? We think it would not. It would open wide the gate to fraud and defeat the wholesome purpose of our statute providing for revocation of a will by intentional destruction or obliteration when coupled with the maker's intention to revoke it by such act. Here, the propounder filed the original will for probate and the caveators introduced in evidence a photostatic copy of it, which was made after it was filed in the ordinary's office for probate, and in neither is a single word which the testator employed to express his testamentary wish destroyed, obliterated, or even so much as rendered obscure in the slightest degree. So, if probate of this will is to be defeated, that result must be accomplished solely by parol evidence. In *McIntyre* v. *McIntyre*, 120 *Ga.* 67, 71 (47 S. E. 501, 102 Am. St. R. 71, 1 Ann. Cas. 606), where the unanimous decision was prepared for this court by Chief Justice Simmons, the following statement from the case of Cheese *v.* Lovejoy, 2 P. D. 251-253, was quoted with approval: "All the destroying in the world without intention will not revoke a will; nor all the intention in the world without destroying; there must be the two." In *Baucum* v. *Harper*, 176 *Ga.* 296 (8) (168 S. E. 27), it was held that the trial judge did not err in charging the jury as follows: "Joint operation of act and intention is necessary to revoke a will. The destroying of a will without intention to revoke it would not revoke the will, neither would the intention to destroy a will without actually doing so revoke the will; there must be both." In *Harris* v. *McDonald*, 152 *Ga.* 18 (108 S. E. 448), it was held that an intention to revoke a will and actual destruction of it are both necessary to effect a revocation under our Code section which provides for express revocation by any destruction or obliteration of the will. And in *Byrd* v. *Riggs*, 209 *Ga.* 59 (70 S. E. 2d 755), where the caveators struck from their original caveat the allegation that the will was revoked, and added that the testatrix "did knowingly and intentionally attempt and undertake to revoke"

it, this court by a full-bench decision, which Chief Justice Duckworth prepared for the court, held: "The demurrer to the caveat as amended was properly sustained, since there must be a joint operation of act and intention to revoke a will and there is no allegation that the will was ever revoked." In this case we think the evidence authorized a finding by the jury that the testator intented to revoke his will, but it demanded a finding that revocation of it was not accomplished by his attempt to destroy it. During oral argument of this case, counsel for the defendant in error called our attention to the ruling in *Pryor* v. *Coggin*, 17 *Ga.* 444, which was decided by this court in 1855, and it is argued that the ruling there made is controlling authority for a holding in the case at bar that the testator revoked the propounded will. To this we do not agree. There the evidence, at most, showed only an unsuccessful effort on the part of the testator to destroy his will; and when that case was decided, the law of force in this State provided for express revocation of a will by burning, cancelling, tearing, or obliterating it, by the testator himself, or in his presence by his direction and consent, with an intent to revoke it (Cobb's Digest, 1851, p. 1128); and in many jurisdictions of this country the courts were then holding that a slight effort on the part of the testator to destroy his will by any one of the mentioned ways with an intent to revoke it was sufficient to effect its revocation. In this connection see 57 Am. Jur. 349, § 503, and the cases which the author there cites as authority for his statement. But after *Pryor's* case, supra, was decided, the legislature adopted the Code of 1861 and particularly § 2441 thereof, which declares that revocation of a will may be expressly effected by destruction or obliteration of it by the testator, or by someone else at his direction, with an intention to revoke it, and this section in its exact language has been carried forward in each subsequent Code which has been adopted in this State. Hence, the general grounds of the motion for new trial are meritorious, and the trial judge erred in overruling them. This ruling effectively disposes of the entire case and renders it unnecessary for us to deal with other collateral questions posed by the record.

*Judgment reversed. All the Justices concur.*