William J. Regan, S.
This matter was brought before the court to permit probate of an alleged holographic will executed in the State of Virginia in 1934. EPTL 3-5.1 “ (c) A will disposing of personal property, wherever situated, or real property situated in this state, made within or without this state by a domiciliary or non-domiciliary thereof, is formally valid and admissible to probate in this state, if it is in writing and signed by the testator, and otherwise executed and attested in accordance with the local law of: (1) This state; (2) The jurisdiction in which the will was executed, at the time of execution; or (3) The jurisdiction in which the testator was domiciled, either at the time of execution or of death.”
Section 64^51 of the Code of Virginia, made an exhibit in evidence in this proceeding, states: “ If the will be wholly in the handwriting of the testator that fact shall be proved by at least two disinterested witnesses.”
In the case of Moyers v. Gregory (175 Va. 230, 233) the Virginia court stated: “If the will is written wholly in the handwriting of the testator and signed by him it is a valid will ”. So too, in the case of Brown v. Hall (85 Va. 146, 157), where the court therein stated: “ If the writing is signed by the testator *271 in such manner as to make it manifest that the name is intended as a signature and is wholly written by him, it is a valid will, though it is unattested by witnesses.”
Proof was taken by affidavit of an attorney in Virginia, who was also a former Judge of Probate Court in Virginia and Attorney-General of the State of Virginia and is presently Judge of the United States Court of Customs and Patent Appeals in Washington, D. C., as to the Virginia law. Further, the deponent certified that from his own personal knowledge he knew that the testator was a bona fide resident of Roanoke, Virginia prior to and at the date of the execution of this holographic will dated February 17, 1934; that deponent testified that the will was wholly in the handwriting of testator and was exhibited by him to deponent in the City of Roanoke, Virginia at the time of the execution thereof.
Two disinterested witnesses residing in the City of Buffalo testified to the handwriting and signature of testator. Both of these witnesses had worked with testator for many years and knew his handwriting.
All of the necessary requirements and proper proof thereof having been presented to the court, the court will order and decree that this holographic will made in Virginia be admitted to probate in this court.