## 36411. CARTER v. FIRST UNITED METHODIST CHURCH OF ALBANY.

Nichols, Justice.

The caveator, Luther Reynolds Carter, appeals from judgment entered in the superior court in behalf of the propounder, First United Methodist Church, admitting to probate, as the will of Mildred C. Tipton, an instrument bearing the date of August 21, 1963.

The 1963 instrument, typed and signed in the form of and purporting to be the last will and testament of Mildred C. Tipton, was found among Mrs. Tipton's other personal papers in her dining room chest after her death on February 14, 1979. It was folded together with a handwritten instrument dated May 22, 1978, captioned as her will but unsigned and unwitnessed, purporting to establish a different scheme of distribution of her property. Pencil marks had been made diagonally through the property disposition provisions of the 1963 document and through the name of one of the co-executors.

The superior court found that from time to time prior to her death, Mrs. Tipton had made it known to her attorney that she needed his services in order to change or revise her will, or to make a new will; that at one time she had written out some proposed changes on tablet paper to be suggested to her lawyer when he prepared a new will for her; and that she did not intend to revoke her will by scratching through some of its provisions and by writing out the proposed changes.

1. The caveator contends in his first two enumerations of error that the will should not have been admitted to probate because it had not been introduced in evidence and the propounder had not proven its execution and the testamentary capacity of the testatrix, or in the alternative had not proven the inaccessibility of the witnesses. The parties stipulated that the 1963 instrument offered for probate had

been found among Mrs. Tipton's records and papers in a drawer of a chest in her dining room, and that the 1963 will was executed by Mrs. Tipton and attested by the witnesses to the will. Proof of matters stipulated was not necessary. The trial court's order specifically refers to the "instrument identified as the Last Will and Testament of Mildred C. Tipton" and to "the markings on the Will." The trial court obviously considered the will to be in evidence. There is no transcript of the proceedings below. This court will presume that the will was in evidence. *Aviation Electronics, Inc. v. U. S. Energy Conservation Systems,* 242 Ga. 224 (248 SE2d 610) (1978); see, *General Motors Corp. v. Walker,* 244 Ga. 191, 193 (259 SE2d 449) (1979). The first two enumerations of error are lacking in merit.

2. The caveator contends in the remaining enumerations of error that the superior court erred in admitting the will to probate because the propounder did not produce any evidence to rebut the statutory presumption of revocation. Code Ann. § 113-404.

The case was submitted to the trial court on stipulated facts, and under stipulation that the depositions of Mrs. Tipton's attorney and one of her friends, relating to her intentions, be admitted in evidence. There is no transcript, and the record is sparse as to facts. Each party seems to have felt that the burden of proof properly was to be placed upon the other party and, accordingly, neither made much effort to develop the facts. The issue resolves itself, however, if certain presumptions are placed into proper perspective with each other.

"As a general rule, the burden is on a person attacking a paper offered for probate as a will to sustain the grounds of his attack. But by express provision of our statute, where a will has been canceled or obliterated in a material part, a presumption of revocation arises, and the burden is on the propounder to show that no revocation was intended . . . Where the paper is found among the testator's effects, there is also a presumption that he made the cancellations or obliterations . . . It having been shown that the paper offered for probate in this case had been in the custody of the deceased up to the time of his death, the propounder was met with both of the presumptions above alluded to." *McIntyre v. McIntyre,* 120 Ga. 67, 70 (47 SE 501) (1904).

The deposition of Mrs. Tipton's attorney, introduced by stipulation in behalf of the propounder, establishes, without contradiction, that Mrs. Tipton had written out some changes in her will on tablet paper and repeatedly had attempted to get her attorney to change or to revise her will, or to make a new will. The parties stipulated that the two writings, the 1963 will and the 1978 manuscript, were found after her death among her personal effects. No evidence appears in the record, and no contention is made, that

Mrs. Tipton did not make the marks on the 1963 will or write the 1978 instrument. The presumption that Mrs. Tipton made the pencil marks and wrote the memorandum of her intentions stands unrebutted. *Langan v. Cheshire,* 208 Ga. 107 (65 SE2d 415) (1951); *Porch v. Farmer,* 158 Ga. 55 (122 SE 557) (1924); *Howard v. Hunter,* 115 Ga. 357 (41 SE 638) (1902). The other presumption, that of absolute revocation, is the focal point of our remaining inquiry.

The statute to which *McIntyre* refers is Code Ann. § 113-404, which provides, in part, that an intention to revoke will be presumed from the obliteration or canceling of a material portion of the will. In Georgia, the drawing of pencil lines through provisions of a will is a sufficient "canceling." *McIntyre,* supra, at p. 70. The question of whether or not the canceled provision is "material" is one of law. *Howard v. Cotten,* 223 Ga. 118, 122 (153 SE2d 557) (1967). The caveator contends that the propounder introduced no evidence to rebut the statutory presumption of revocation, and the propounder contends that under the doctrine of dependent relative revocation, or conditional revocation, the facts proven give rise to a presumption in favor of the propounder (which the caveator failed to rebut) that Mrs. Tipton did not intend for her 1963 will to be revoked unless her new dispositions of her property became effective in law. The caveator thus contends that the propounder failed to rebut the presumption of absolute or unconditional revocation, and the propounder contends he rebutted that presumption by evidence giving rise to another presumption, that of conditional revocation, which the caveator failed to rebut.

The doctrine of dependent relative revocation (conditional revocation) has been stated by this court as follows: "It is a doctrine of *presumed intention,* and has grown up as a result of an effort which courts always make to arrive at the real intention of the testator. Some of the cases appear to go to extreme lengths in the application of this doctrine, and seem to defeat the very intention at which they were seeking to arrive. The doctrine, as we understand it and are willing to apply it, is this: The mere fact that the testator intended to make a new will, or made one which failed of effect, will not alone, in every case, prevent a cancellation or obliteration of a will from operating as a revocation. If it is clear that the cancellation and the making of the new will were parts of one scheme, and the revocation of the old will was so related to the making of the new as to be dependent upon it, then if the new will be not made, or if made is invalid, the old will, though canceled, should be given effect, if its contents can be ascertained in any legal way. But if the old will is once revoked, — if the act of revocation is completed, — as if the will be totally destroyed by burning and the like, or if any other act is done

which evidences an unmistakable intention to revoke, though the will be not totally destroyed, the fact that the testator intended to make a new will, or made one which can not take effect, counts for nothing. In other words, evidence that the testator intended to make or did actually make a new will, which was inoperative, may throw light on the question of intention to revoke the old one, but it can never revive a will once completely revoked." (Emphasis added.) *McIntyre v. McIntyre,* 120 Ga. 67, 71, supra. The doctrine has been recognized and applied by the highest courts of many states. Annos. 62 ALR 1401, 115 ALR 721. It has been the subject of considerable discussion by the text writers. 1 Redfearn, Wills and Administration In Georgia (4th Ed.), p. 188, § 96; Chaffin, Studies In The Georgia Law of Decedent's Estates and Future Interests, p. 184, 186.

Professor Chaffin is of the opinion that *"McIntyre* represents a sound approach to the doctrine of dependent relative revocation." He writes that in *McIntyre,* "The doctrine was correctly perceived to be a rule of presumed intention rather than a rule of substantive law. The Court refused to set aside the revocation until evidence bearing on testator's intent, including his oral declarations, was examined in an effort to discern what he would have desired if he had been aware of the true facts." He also concludes, correctly, this court believes, that "Most courts have taken the position that dependent relative revocation is judged by a stricter standard in a situation involving revocation by subsequent instrument as opposed to physical act." He is strongly of the opinion that "if the purpose of the doctrine is to effect testator's intent, there is no point in distinguishing between revocation by physical act and by subsequent instrument." Chaffin, supra, pp. 186-187. This court agrees. In Georgia, the doctrine is one of presumed intention. The principle is the same whether the revocation is by physical act or by subsequent instrument. As this court said of the doctrine in *McIntyre,* "The matter finally turns upon the intention of the testator, and no mere presumption [that the testator would have preferred the canceled will instead of intestacy] will be allowed to defeat this intention when it has been made to appear." 120 Ga. at 72. The reason that the intention of the testator in making the marks or in writing the new instrument is material is that "Joint operation of act and intention is necessary to revoke a will." 120 Ga. at 71; *Payne v. Payne,* 213 Ga. 613, 615 (100 SE2d 450) (1957).

In the present case, the testatrix wrote the 1978 instrument which the parties have conceded (by the absence of their contentions) cannot be admitted to probate because it lacks some of the requisites of a will. The propounder says, in effect, if not in express words, that the testatrix would have preferred the property disposition clauses of

the 1963 will over the only other alternative — intestacy. The caveator contends, in essence, that the testatrix would have preferred intestacy. How stands the record?

The fact that the old will, with pencil lines drawn by Mrs. Tipton through the property disposition provisions, was found among her personal papers folded together with the 1978 writing, that makes a somewhat different disposition of her property, is some evidence tending to establish that "the cancellation and the making of the new will were parts of one scheme, and the revocation of the old will was so related to the making of the new as to be dependent upon it." 120 Ga. at 71. This evidence was sufficient to rebut the statutory presumption of revocation (Code Ann. § 113-404) and to give rise to a presumption in favor of the propounder under the doctrine of dependent relative revocation or conditional revocation. *McIntyre,* supra. The stipulation that these two instruments were found together thus shifted the burden of proof to the caveator to prove, in essence, that Mrs. Tipton would have preferred intestacy.

In *McIntyre,* the intention of the testator to make a new will was indicated by his having written marginal and attached notes and pencil marks on the will substituting blank lines for the names of persons, items of property, the date of execution, his signature, and the signatures of the witnesses. The new dispositions were not indicated. In *McIntyre,* the caveator testified that the testator told him, " 'Willie, I have left a pencil memorandum of a will — it is not a will — I was not able to finish (or complete) it; but I call upon Willie to carry out the provisions of this pencil memorandum.' " In the present case, there is no testimony that the testatrix ever told anyone that she had revoked her 1963 will. The cases thus are factually dissimilar. The presumption against intestacy (or in favor of the continued validity of the 1963 will) stands unrebutted in the present case. Cf., *Howard v. Cotten,* 223 Ga. 118, 123 (153 SE2d 557) (1967), in which the testatrix stated her intent to her attorney by saying, "Will you hurry, because, remember, I don't have a will." Cases such as *Langan v. Cheshire,* 208 Ga. 107, supra, and *Porch v. Farmer,* 158 Ga. 55, supra, are inapposite because they did not involve the doctrine of dependent relative revocation or conditional revocation.

Accordingly, the trial court, as finder of the facts, did not err in admitting the will to probate.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 8, 1980 — DECIDED SEPTEMBER 17, 1980.

*Charles F. Hatcher,* for appellant.

*John F. Salter, Walter M. Deriso,* for appellee.