S94A1747. WELLS et al. v. JACKSON et al.
(453 SE2d 690)

BENHAM, Presiding Justice.

Naomi Brown executed a will on February 24, 1992, and died on October 22, 1993. When that will was offered for probate, appellants filed a caveat contending, among other things, that the writing offered for probate had been revoked by "obvious erasures" made in a para-

graph of the will. The probate court found the writing offered for probate met the requirements of OCGA § 53-2-40 and admitted it to probate in solemn form. The caveators filed an appeal in superior court, which granted summary judgment to the propounders after finding as a matter of law that there had not been a destruction or obliteration of the will that effected an express revocation under OCGA § 53-2-74. This appeal followed.

OCGA § 53-2-74 provides:

> An express revocation may be effected by any destruction or obliteration of an original will or a duplicate thereof, done by the testator or by another at his direction with an intention to revoke. Such intention will be presumed from the obliteration or canceling of a material portion of the will. If the part of the will which is canceled is immaterial, such as the seal, no presumption of an intention to revoke shall arise.

Generally, the propounder of a will to which a caveat has been filed has the burden to prove that the will was executed with the requisite formalities freely and voluntarily by a testator who was at the time of sound mind and disposing mind and memory. It is then up to the caveator to prove that the will is not valid. *Bianchini v. Wilson*, 220 Ga. 816 (141 SE2d 889) (1965). When the caveator asserts that the proffered will is not valid because it has been expressly revoked by the destruction or obliteration of a material portion, the caveator must establish that an actual cancellation or obliteration has occurred. See *Payne v. Payne*, 213 Ga. 613 (100 SE2d 450) (1957).[1] Where it is established that a will has been canceled or obliterated in material part, a presumption of revocation arises, and the propounder is again faced with a burden of proof — this time, to show that no revocation was intended. *McIntyre v. McIntyre*, 120 Ga. 67 (2) (47 SE 501) (1904).

In the case at bar, the alleged obliterations involved are markings at the names of the residual beneficiary and residual contingent beneficiary. The marks were described by witnesses as smudges or a water stain. All agreed that the legibility of the names of the beneficiaries was in no way obscured by the smudges. Several witnesses agreed that "something" had happened to the will, and a bank employee stated that "it looks like some kind of alteration was made." The attorney who drew the will compared the original containing the smudges with a copy made the day of execution and maintained in an office file and

---

[1] Whether a portion of the will which has been destroyed or obliterated is material is a question of law. *Carter v. First United Methodist Church of Albany*, 246 Ga. 352, 354 (271 SE2d 493) (1980).

concluded that the names were identical.

The trial court did not err when it concluded that there had not been an obliteration or destruction of a material portion of the will so as to effect a revocation thereof under OCGA § 53-2-74. Revocation is not accomplished by the maker's unsuccessful attempt to destroy or obliterate. *Payne v. Payne*, supra.[2] There is no evidence in the case at bar that an obliteration or cancellation in fact occurred. Compare *Carter v. First United Methodist Church of Albany*, 246 Ga. 352 (271 SE2d 493) (1980) (pencil marks had been made diagonally through the property disposition provisions of a purported will); *King v. Bennett*, 215 Ga. 345 (110 SE2d 772) (1959) (will torn in four pieces and signature torn from it); *Morris v. Bullock*, 185 Ga. 12 (194 SE 201) (1937) (bequest in parentheses with contradictory note in margin); *Hartz v. Sobel*, 136 Ga. 565 (71 SE 995) (1911) (testatrix had cut out certain words from the purported will); *McIntyre v. McIntyre*, supra (pencil lines had been drawn through portions, including the signatures of the testator and witnesses, and blank papers pasted over certain clauses through which lines had been drawn). In the absence of evidence of a cancellation or obliteration, the trial court did not err when it granted summary judgment to the propounder on the issue.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 13, 1995 —
RECONSIDERATION DENIED MARCH 17, 1995.

*Newton, Smith, Durden, Kaufold & Rice, Howard C. Kaufold, Jr.*, for appellants.

*Andrew, Threlkeld & Thompson, Reid A. Threlkeld*, for appellees.

---

[2] Because the proffered will was found among the testatrix's effects, we must presume that she made the markings. *McIntyre v. McIntyre*, supra at 70.