## S96A0099. HAVIRD v. SCHLACHTER.
### (470 SE2d 657)

SEARS, Justice.

This appeal concerns whether a document submitted to probate as the last will and testament of Charles Henry Elder, who died on January 13, 1992, had been revoked because of material cancellations and obliterations, or whether the proffered will should be admitted to probate pursuant to the doctrine of dependent relative revocation. The trial court granted summary judgment to the appellee, Jane Schlachter, Elder's sole heir at law, ruling that there had been material cancellations to the proffered will and that it had been effectively revoked. Further, the trial court ruled that the proffered will could not be validated under the doctrine of dependent relative revocation. We agree with both of these holdings and affirm.

OCGA § 53-2-74 provides as follows:

> An express revocation may be effected by any destruction or obliteration of an original will or a duplicate thereof, done by the testator or by another at his direction with an intention to revoke. Such intention will be presumed from the obliteration or canceling of a material portion of the will. If the part of the will which is canceled is immaterial, such as the seal, no presumption of an intention to revoke shall arise.

Contrary to Havird's contentions, our review of the document offered for probate as Elder's last will and testament demonstrates that the trial court did not err in concluding that there had been material cancellations.[1] The trial court's ruling thus raised a presumption of revocation,[2] and placed the burden on Havird, as the propounder, to show that no revocation was intended.[3] We now turn to the principal issue in the case, which is whether Havird countered the statutory presumption of revocation by raising a presumption under the doctrine of dependent relative revocation that no revocation was intended.[4]

---

[1] See *Singleton v. Shewmake*, 184 Ga. 785, 787 (1) (193 SE 232) (1937).

[2] See OCGA § 53-2-74; *Wells v. Jackson*, 265 Ga. 181 (453 SE2d 690) (1995).

[3] See *Wells v. Jackson*, 265 Ga. 181; *Carter v. First United Methodist Church of Albany*, 246 Ga. 352, 353 (271 SE2d 493) (1980); *McIntyre v. McIntyre*, 120 Ga. 67, 70 (47 SE 501) (1904) (all holding that the destruction or obliteration of a material part of a will raises a presumption of revocation, and that the propounder has the burden to show that no revocation was intended).

[4] *Carter*, 246 Ga. at 356 ("[t]he evidence was sufficient to rebut the statutory presump-

Under this doctrine,

> "[i]f it is clear that the cancellation and the making of the new will were parts of one scheme, and the revocation of the old will was so related to the making of the new as to be dependent upon it, then if the new will be not made, or if made is invalid, the old will, though canceled, should be given effect, if its contents can be ascertained in any legal way."[5]

This doctrine raises a presumption in favor of the validity of the "canceled" will, and is sufficient to rebut the statutory presumption of revocation.[6] The doctrine, however, is one of presumed intent and cannot defeat the testator's intent to revoke the "canceled" will if that intent appears from other evidence in the record.[7] Further, if a presumption is raised pursuant to the doctrine of dependent relative revocation in favor of a proffered will, it is the caveator's burden to rebut that presumption.[8]

Although this Court found evidence to support the application of the doctrine of dependent relative revocation in both *Carter* and *McIntyre*, the trial court in this case ruled that the doctrine was unavailing to Havird. The trial court reasoned that in *Carter* and *McIntyre* there was evidence that the testator intended to make a new will and that the cancellations on the old will were made in contemplation of the new will being prepared, but that in this case there was no evidence that Elder intended to make a new will but merely sought to revoke and change parts of his old will. We agree with the trial court's rationale.

In *Carter*, a 1963 will was found among the testator's personal papers and was folded together with a handwritten instrument dated May 22, 1978, titled as her will. The 1978 document was unsigned and unwitnessed and purported to establish a different testamentary scheme of distribution of her property than that contained in the 1963 will. Moreover, some of the bequests in the 1963 will had pencil marks through them. Further, before her death, the testator told her attorney that she needed to revise her will or to make a new will and that she had written out some proposed changes on tablet paper. This Court ruled that the fact that the old will was found together with the 1978 document was some evidence indicating that " 'the cancellation

---

tion of revocation . . . and to give rise to a presumption in favor of the propounder under the doctrine of dependent relative revocation").

   [5] *Carter*, 246 Ga. at 354 (quoting *McIntyre*, 120 Ga. at 71).
   [6] *Carter*, 246 Ga. at 356.
   [7] *Carter*, 246 Ga. at 355-356.
   [8] Id.

of the old will and the making of the new will were parts of one scheme, and the revocation of the old will was so related to the making of the new one as to be dependent upon it.' "[9]

Further, in *McIntyre*, the testator penciled through certain portions of his will and penciled in notes at certain places on the will indicating where additional lines should be added. He also pasted blank slips over portions of the old will, and on some of those slips the testator wrote that a certain number of lines were needed. In addition, there was evidence that he had made a statement that these changes were the beginning of a new will that he had been unable to finish. We concluded this evidence was some indication that the cancellation of the old will and the making of a new will were part of one scheme, and that the testator only intended a revocation of the old will to take effect upon execution of the new will.[10]

In the present case, unlike the evidence in *Carter* and *McIntyre*, we have only the obliterations of the proffered will, with no evidence indicating that Elder was contemplating the execution of a new will. Thus, we cannot conclude that the revocation of the old will was so closely connected to the making of a new will as to be dependent upon it. Accordingly, we cannot conclude that Elder intended the revocation to take effect upon execution of a new will. The trial court therefore properly ruled that the proffered will stands revoked.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 28, 1996.

*Pamela E. Havird,* pro se.
*Bruce & Hentz, Kenneth D. Bruce,* for appellee.

