## S08A0686. MINCEY v. DECKLE et al.

(662 SE2d 126)

MELTON, Justice.

Prior to his death, Raymond Keith Mincey ("Decedent") executed two wills, one on December 13, 1989 ("1989 Will") and one on March 10, 1998 ("1998 Will").[1] The 1998 Will explicitly revoked all prior wills, including the 1989 Will. After the 1998 Will was executed, Decedent took the original copy home with him instead of leaving it with his attorney. Shortly after Decedent died, his heirs at law, Vanessa J. Deckle and Beverly R. Mincey ("Heirs"), entered Decedent's home to gather his personal papers. Although the Heirs discovered two photocopies of Decedent's 1998 Will which had been altered,[2] the original of the 1998 Will was never found. Decedent's brother and executor, Tony R. Mincey ("Executor"), filed the 1998 Will for probate, and the Heirs filed a caveat, contending that the 1998 Will had been revoked. The Probate Court of Candler County thereafter ordered that the 1989 Will be probated in solemn form and that, if its order were reversed on appeal, the 1998 Will should be probated. The Heirs appealed this decision to the superior court which, on motion for summary judgment brought by the Heirs, determined that both the 1989 Will and the 1998 Will had been revoked by Decedent prior to his death. The Executor now appeals this ruling, arguing that the 1998 Will was not revoked.[3] We affirm.

OCGA § 53-4-46 (a) provides: "A presumption of intent to revoke arises if the original of a testator's will cannot be found to probate." Therefore, at the outset, there is a presumption of revocation in this case because the original will was never found. The evidence further supports this presumption. Testimony shows that, in 2000, Decedent consulted an estate planning attorney about having a new will drafted. At this meeting, the Decedent showed the attorney a copy of the 1998 Will on which Decedent had made numerous handwritten alterations, including changes in beneficiaries and the inclusion of new clauses. During this meeting, Decedent indicated to the attorney that he had already revoked his 1998 Will.[4]

---

[1] The 1998 Will was made in South Carolina, and it is undisputed that all proper formalities were observed at the time of its execution.

[2] The names of a number of beneficiaries of the residual estate were crossed out on the duplicate copies of the 1998 Will.

[3] It is undisputed that the 1989 Will was revoked by the 1998 Will.

[4] We note that, contrary to the ruling of the trial court, under the current law a presumption of revocation does not arise from the destruction or obliteration of only a mere copy of a will. "[T]he presumption of revocation arises only when a material portion of the *original* will suffers obliteration or destruction." (Emphasis supplied.) *Morrison v. Morrison*, 282 Ga. 866, 870 (5) (655 SE2d 571) (2008).

The Executor's only argument made to rebut the clear presumption of revocation in this case is based on the doctrine of dependent relative revocation. According to this doctrine,

> if it is clear that the cancellation and the making of the new will were parts of one scheme, and the revocation of the old will was so related to the making of the new as to be dependent upon it, then if the new will be not made, or if made is invalid, the old will, though canceled, should be given effect, if its contents can be ascertained in any legal way.

(Punctuation and footnote omitted.) *Havird v. Schlachter*, 266 Ga. 718, 719 (1) (470 SE2d 657) (1996). This doctrine is not applicable here. There is no evidence that Decedent's revocation of the 1998 Will was dependent upon the creation of a new will. To the contrary, it appears that Decedent revoked the 1998 Will before he even visited an estate planning attorney about creating a new will. Under these circumstances, it cannot be said that the revocation of the old will and the making of a new one were part of the same transaction.

> This was not a case of revoking on condition that a valid new will would be executed, but rather revoking without condition, and then making every effort to get another will executed, which was thwarted only by death. There was no evidence to rebut the presumption of intent to revoke the whole will.

*Howard v. Cotton*, 223 Ga. 118, 123-124 (153 SE2d 557) (1967). *Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 2008.

*Lewis, Owens & Mulherin, George L. Lewis*, for appellant.
*Edenfield, Cox, Bruce & Classens, Gerald M. Edenfield, Charles P. Aaron*, for appellees.