WOOD *et al.* v. LANE.

| 102 | 199 |
|-----|-----|
| 105 | 841 |
| 102 | 199 |
| 125 | 806 |

Under the facts of the present case, there was no abuse of discretion in granting a second new trial.

Argued June 1, 2, — Decided August 7, 1897.

Appeal. Before Judge Fish. Dooly superior court. September term, 1896.

*J. H. Martin, A. C. Pate* and *G. W. Wooten,* for plaintiffs in error.

*Busbee, Crum & Busbee* and *Allen Fort,* contra.

SIMMONS, C. J.    This case has been twice tried.    At both trials the jury found against the will, and each verdict has been set aside by the trial judge.    In granting the second new trial, the trial judge did so expressly upon the ground that the verdict was contrary to law and to the evidence, and was without evidence to support it.

We have carefully read the evidence contained in the record, and we have discovered nothing that would authorize the jury to set this will aside.    The evidence, in our opinion, is overwhelming in favor of the testamentary capacity of Mayo at the time this will was made.    While he was in feeble health and had been confined to his room and bed for seventeen years, yet the evidence clearly establishes the fact that at the time of making this will he knew the contents thereof, he comprehended his relations to his family and their relations to him, he understood the nature of the estate he was conveying, and he disposed of the same with understanding and with reason.    The evidence on the part of the caveators shows nothing to the contrary.    The gist of this evidence is that the recollection of the testator was not as good as it had formerly been; that he could not recollect incidents of recent date as well as he had formerly done; that he would tell the same anecdotes two or three times during the same day; that when his cotton was sold and the accounts of sales were shown to him, it was with difficulty that he could be made to understand them, and frequent explanations had to be made to satisfy him. There was but one witness who testified in terms that the testator did not possess mental capacity sufficient to make a will, and that opinion was founded upon the facts above recited. The other witnesses on the part of the caveators say that in their opinions the testator could not transact business, and give as the foundation for these opinions a similar state of facts, viz. a want of recollection, etc.

But one witness testifies to any fact or circumstance tending to show that the devisee under the will used any undue influ-

ence to procure the will made in his behalf. William Brown testified that Lane, the executor and devisee, induced the testator to go to his (Lane's) house, that on the way Lane gave him several drinks of whisky, and that at the time the will was made Mrs. Lane frequently gave him toddies and almost forced him to drink them. These latter statements are denied by all of the other witnesses who were present at the time of the making of the will. They testify positively that there was no wine or liquor in the room on the day or at the time of the execution of the will. Robert Brown, a brother of William Brown, and Lane, the executor, both contradict William Brown as to the reason of the testator's removal from his own house to that of Lane, and as to his having been given any whisky on the route. Robert Brown testifies that the reason for the removal was that he and his wife, who were living in the house of the testator, desired to go. to a camp-meeting and wished the testator to go to the home of Lane until they had made their visit to the camp-meeting and had returned; that his wife, before the testator left, offered him a drink of domestic wine which he declined; that the testator rode with him from the house of the former to that of Lane, and that there was no stimulant given him during the ride. Lane testifies to the same facts. Besides the contradiction of the special facts which he related, this witness William Brown was impeached by all the other methods known to the law.

The facts testified to by William Brown would not, if true, show on the part of the testator a want of capacity to make a will, nor does he testify that in his opinion the testator had not sufficient capacity to make a will. Like the other witnesses, he said that the testator was not able to transact business and that his mind was unsound. A man may be unable to transact business, or even lack the mental capacity to contract, and may still have sufficient capacity to make a will. Civil Code, § 3268. "Eccentricity of habit or thought does not deprive a person of power of making a testament; old age, and the weakness of intellect resulting therefrom, does not, of itself, constitute incapacity." Civil Code, § 3267.

For these reasons we think the court did not err in setting

aside the verdict, although it was the second verdict in the case. A second verdict, found with no evidence to sustain it, should be set aside as readily as a first one.

*Judgment affirmed. All the Justices concurring, except Fish, J., disqualified.*