ELLIS *et al.* v. BRITT *et al.,* executors.

No. 10888. NOVEMBER 15, 1935.

*W. L. Nix* and *E. L. Cole,* for plaintiffs in error.
*M. A. Allison* and *Pemberton & W. J. Cooley,* contra.

HUTCHESON, Justice. L. A. Gresham and W. C. Britt filed in the court of ordinary a petition to probate in solemn form the last will and testament of Mrs. Margaret E. Nix, alleging that she died on February 12, 1934, and naming her heirs at law. Mrs. J. P. Ellis and Mrs. Hester Stone filed a caveat alleging that at the time of making said will Mrs. Nix was not of sound and disposing mind and memory; and that she did not execute the will freely and voluntarily, but was moved thereto by undue influence and persuasion of W. C. Britt and L. A. Gresham.

The ordinary found in favor of the will, and the caveators entered their appeal. In the superior court they amended their caveat by admitting a prima facie case for the propounders, and that at the time of execution of the will the testatrix had apparently sufficient mental capacity to execute it. On the trial, after introduction of evidence, the jury found in favor of the will. A motion for new trial was overruled, and the caveators excepted.

444

■ One ground of the motion assigns error on the following charge by the court to the jury: "Now in case of doubt, as I said, you are to look to all of the facts and circumstances together with the testimony showing the condition of the deceased's mind at the time of the execution of the will, or the purported will, on January 18th, 1934." This principle of law was laid down in *Terry* v. *Buffington*, 11 *Ga.* 337 (56 Am. D. 423), where it was said: "Testamentary capacity is to be determined by the condition of the testator's mind at the time of his executing or acknowledging the will. For the purpose of shedding light upon the state of the testator's mind when the will was made, evidence of its condition both before and after the period may be produced." In the case at bar, the court had instructed the jury that they might consider evidence as to the condition of the testatrix's mind before and after the execution of the will, and there was no error in the charge complained of.

■ Complaint is here made of the following instructions: (a) "A testatrix has a sound mind for testamentary purposes only when she can understand and carry in her mind, in a general way, the nature and situation of her property, and the relation to the persons around her, to those who naturally have some claim on her remembrance, and to those in whom in all things in which she has been chiefly interested." (b) "She must understand the act which she is doing, and the relation in which she stands to the objects of her bounty, and to those who ought to be in her mind on the occasion of making the will." Objection is specially urged to the use of the words "the relation to the persons around her." These words should be construed in connection with the context. When so construed, the words merely refer to the words following next thereafter, "to those who naturally have some claim on her remembrance, and to those in whom in all things in which she has been chiefly interested." The charge as given, while not literally in the same words, is in substantial compliance with the ruling in *Stancell* v. *Kenan*, 33 *Ga.* 56, 68, as follows: "A person has testamentary capacity who understands the nature of a testament or will, viz., that it is a disposition of property to take effect after death, and who is capable of remembering generally the property subject to his disposition, and the persons related to him by the ties of blood and of affection, and also of conceiving and express-

ing by words written or spoken, or by signs, or by both, any intelligible scheme of disposition."

■ Error is assigned on the following charge: "If the jury has doubts as to the testamentary capacity of the testatrix in this case, the reasonableness or unreasonableness of the disposition sought to be made may be considered. But this is only to be done as evidence bearing on the question of capacity. If you find that Mrs. Nix, the testatrix, had sufficient mental capacity at the time of making the alleged will, you can not lawfully set aside the will because you may think it unjust and unreasonable, provided you believe she had mental capacity to make a will at the time." The reasonableness or unreasonableness of the disposition of a testator's estate has strong evidential value, where the issue is as to his testamentary capacity and where the extent of the mental weakness is in doubt. See Code of 1933, § 113-205. It may also be considered with other evidence where the issue is one of fraud or undue influence. If the will is freely and voluntarily made by a person who has testamentary capacity, a jury can not set it aside merely because they may think it unjust or unreasonable. *Slaughter* v. *Heath,* 127 *Ga.* 747, 755 (57 S. E. 69, 27 L. R. A. (N. S.) 1); *Franklin* v. *Belt,* 130 *Ga.* 37 (60 S. E. 146). The charge complained of stated correct principles of law, and no error was committed by giving it to the jury.

■ Error is assigned because of the court's refusal of a request to give to the jury a charge in the following language: "I charge you, gentlemen of the jury, that a person has testamentary capacity who understands the nature of a testament or will, namely, that it is a disposition of property to take effect after death, and who is capable of remembering generally the property subject to disposition and the persons related to him by the ties of blood and affection, and also of conceiving and expressing by words written or spoken, or by signs, or by both, any intelligible scheme of disposition. If you believe from all of the evidence in this case that the testatrix had such capacity, you should find in favor of the propounders. If, however, you should find from the evidence that the testatrix did not have such capacity, or that any one of these elements were lacking in her capacity and understanding, then you should find against the will and in favor of the caveators." The judge certified that this request "was

not presented to the court until after beginning the charge." A request to charge may be properly presented to the court at any time before the jury retires. Code of 1933, § 81-1101. And the mere fact that such request was presented after beginning the charge would not be ground for refusing it. However, after reading the entire charge, we are of the opinion that the request was fully covered by the general charge, and that the refusal thereof was not error. "If, on the trial of an issue formed by the caveat to the propounding of a will, the judge fully and fairly charges the law on the subject of testamentary capacity, it is not necessary that he should, on request to charge, repeat and reiterate in different forms or modes of expression what has been already sufficiently given." *Slaughter* v. *Heath,* supra.

■ Error is assigned on the admission in evidence of testimony of W. C. Britt, as follows: "I did not use one bit of influence in the world to exert or try to exert on Mrs. M. E. Nix, of Grayson, Georgia, to cause her to make a will contrary to her wishes." And, "From my observations and dealings with Mrs. Nix, and observing her conduct over this period, as to whether she was mentally capable to make disposition of her property by will on January 18th, 1934, I didn't see her on January 18th; so I couldn't say. I think the last time I saw her was some time along in the first of the month, or probably about Christmas. I am not sure about it. I thought that at that time she was mentally capable to dispose of her property by will. The truth of the business, I had never heard anything to the contrary until I was appointed guardian." The objection urged was that the witness was an interested party, being a legatee under the will, and that he was testifying to transactions or communications with a deceased person. Interest does not disqualify a witness, but merely goes to his credit. *McIntyre* v. *McIntyre,* 120 *Ga.* 67 (8) (47 S. E. 501, 102 Am. St. R. 71, 1 Ann. Cas. 606). "While a party may not lawfully give evidence in his own favor, in a suit wherein the personal representative of one deceased is the opposite party, as to transactions or communications which the living party had with the deceased, yet the evidence of such party as to independent facts, knowledge of which was not derived from transactions or communications with the deceased is admissible." *Parker* v. *Salmons,* 113 *Ga.* 1167 (39 S. E. 475). See also *Puryear* v. *Foster,*

91 *Ga.* 444 (18 S. E. 316). It seems that the testimony objected to falls squarely within this ruling, and it was not error to receive it.

■ Error is assigned on the following excerpts from the charge, which will be considered together: (a) "Now, ordinarily, it would be the duty of the propounders, that is, W. C. Britt and others, to prove and make out their case by showing that Mrs. Nix, at the time of the execution of the proposed will, had apparent sufficient mental capacity to make the same; but in this case the caveators, or those filing objections to the probate of the will, admit a prima facie case for the propounders, and they assume the burden of showing that this will should not be probated and set up as the last will and testament of Mrs. Nix, because as they allege she didn't have sufficient mental capacity to make a will, and on the further grounds that the said will was obtained by undue influence practised on her by Mr. Britt." (b) "The undue influence which would do away with, or which would justify a jury in setting aside a will is something which destroys the testatrix's freedom of volition, and it must be so strong that the desire of the party exercising the influence is substituted for the wishes of the testatrix, Mrs. Nix." There was no evidence tending to show that L. A. Gresham exercised any undue influence over the testatrix, and the fact that the court did not mention his name in this portion of the charge was, if error, harmless. We refer again to *Terry* v. *Buffington,* supra, where it was stated: "If, taking all the instructions collectively, the law seems to have been properly expounded to the jury, the judgment will not be reversed, though some one opinion may be erroneous. The correctness of a charge must be determined by the whole, taken together."

■ The evidence was sufficient to authorize the verdict.

*Judgment affirmed. All the Justices concur.*