## 33102. EDMONDSON v. EDMONDSON.

BOWLES, Justice.

This is an appeal from a contempt citation issue 1 by the Superior Court of Brooks County.

The appellant, Jerry Wayne Edmondson, and appellee, Lavanda Ann Edmondson, were divorced on June 29, 1977. The final judgment and decree incorporated an agreement between the parties whereby the husband agreed "to transfer all right, title and interest in one Tiffany Home 1970 year model . . ." to the wife and, ". . . to pay off the total balance due on said trailer." The wife brought a contempt action in October of 1977, alleging that the husband had wilfully refused to comply with the above quoted portion of the court's order. No defensive pleadings were filed by the husband.

A hearing on the wife's petition was held, wherein the husband presented the following exhibits which are contained in the record on appeal: (1) a certificate of title to a *1968 Gregory Mobile Home* showing a Mrs. Audrey Edmondson as owner; (2) an installment note in the amount of $2,495.16 secured by a *1968 Gregory Mobile Home* showing a Mrs. Audrey Edmondson as debtor and the Citizens National Bank of Morven as creditor; and (3) a record of payments made to the Citizens Bank of Morven for the above stated loan. No transcript of the evidence produced at trial was made.

After hearing all the evidence offered by the parties, the trial court concluded that the husband had failed to pay off the indebtedness and transfer title of the 1970 Tiffany Mobile Home to the wife as ordered, and, therefore, held him in wilful contempt. Further, the court awarded the wife attorney fees and expenses of litigation.

On appeal, the husband argues that the evidence presented at the hearing clearly showed that the mobile home was owned by a Mrs. Audrey Edmondson, and, therefore, not being a part of his estate, the provision of the agreement incorporated into the court's final judgment and decree which awarded the mobile home to the wife was void. See *Meeks v. Kirkland,* 228 Ga. 607 (187 SE2d 296) (1972). The husband contends that the

judgment and decree in that respect is void and that the trial court erred in holding him in contempt, since the disobedience of a void judgment cannot constitute a contempt of court. See *Connell v. Connell,* 222 Ga. 765 (152 SE2d 567) (1966); *John Hancock Mut. Life Ins. Co. v. Baskin,* 179 Ga. 86 (3) (175 SE 251) (1934).

The final judgment and decree ordered the husband to convey *a 1970 Tiffany Mobile Home,* the former residence of the parties. The exhibits, which the husband contends clearly show that the mobile home is not a part of his estate, all refer to a *1968 Gregory Mobile Home,* not the *1970 Tiffany Mobile Home* awarded to the wife by the final judgment and decree.

Since the evidence appearing in the record is insufficient to determine whether the trial court erred in holding the husband in contempt, and, there being no transcript of the hearing, we must assume that the evidence presented at the hearing was sufficient to support the findings of the trial judge. *Tanis v. Tanis,* 240 Ga. 718 (1978); *Butler v. Butler,* 238 Ga. 198 (232 SE2d 246) (1977); *Craigmiles v. Craigmiles,* 237 Ga. 498 (228 SE2d 882) (1976); *Brown v. Brown,* 233 Ga. 581 (212 SE2d 378) (1975).

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only. Marshall, J., disqualified.*

SUBMITTED DECEMBER 23, 1977 — DECIDED JANUARY 31, 1978.

*David Roy Hege,* for appellant.
*Walter H. New,* for appellee.