### S98A0005. HICKOX v. WILSON et al.

(496 SE2d 711)

THOMPSON, Justice.

Jean Hickox filed a petition to probate in solemn form, the last will and testament of her step-mother, Daisy Howard. A caveat was filed by the testatrix's nieces and nephews, her heirs at law, on the ground that the purported will was not signed by the testatrix and is invalid. After the probate court admitted the will to record, the caveators appealed to the superior court where they were awarded summary judgment. For the reasons which follow, we reverse.

One month before her death, testatrix asked her friend Mildred Kerr to witness the signing of her will. Kerr informed testatrix that she believed two witnesses and a notary public are required, and they arranged for another witness and a notary to join them. Kerr's affidavit testimony shows: "Daisy again explained to us that we were to witness her last will and testament. Daisy signed her signature first and then Delima [Mealling] and I signed. Teresa Howell notarized the will." The second witness, Delima Mealling, also averred that testatrix "signed her name" in the presence of the two witnesses and the notary.

The instrument consists of three pages, printed in the same type style, and stapled together. Pages one and two relate to the disposition of testatrix's estate; the third page consists of a self-proving affidavit. See OCGA § 53-2-40.1. Kerr and Mealling signed page two in their capacity as witnesses, and Howell signed that page as notary on the line intended for the testatrix's signature. Although the testatrix failed to sign page two, the third page — the self-proving affidavit — bears her signature above the line designated for "testator." This affidavit establishes that Daisy W. Howard declared in the presence of the notary and two witnesses that the "foregoing instrument" was intended as her last will and testament. The signatures of Kerr and Mealling also appear on page three as witnesses, along with Howell's notarization.

We have long followed the principle that:

The will with which the law deals is to be sought for and to be found in the mind and intention of the testatrix. The writing is but the evidence of that intention. It is to the oneness, sufficiency and completeness of the testamentary intent and scheme as expressed and evidenced by the writing, that the law looks. It is not the writing that makes the will legal and binding, but the testamentary intent crystallized and expressed in the writing.

*Jones v. Habersham*, 63 Ga. 146, 156 (1879). The testamentary intent is clear. Propounders have established that it was merely by oversight that the signature of the testatrix appears on the wrong page. Our ruling in *In re Estate of Brannon*, 264 Ga. 84 (441 SE2d 248) (1994) applies:

Where all of the signature pages are physically connected as part of the will, the fact that a testator's signature and the signatures of witnesses do not appear on the same page does not in itself invalidate the execution of the will.

Under the circumstances, we will not invalidate the will.
*Judgment reversed. All the Justices concur.*

DECIDED MARCH 9, 1998.

*Gibson & Spivey, Douglas L. Gibson,* for appellant.
*Solomon & Edgar, William J. Edgar,* for appellees.