## S01A0122. WARNER v. REYNOLDS.
### (546 SE2d 520)

HINES, Justice.

The probate court denied a caveat to a will, and the caveator appeals. For the reasons that follow, we affirm.

Testatrix Marybelle Warner died on October 20, 1998. In January 1999, Reynolds, the testatrix's sister and executrix under a will executed in 1990, petitioned to probate that will. Clinton Warner, the testatrix's only child, filed a caveat. The case went to mediation, at which it was agreed that the 1990 will was not validly executed or witnessed, and never became effective. Reynolds filed a dismissal of the petition to probate the 1990 will, and petitioned to probate a 1984 will, by which she was also executrix. Clinton also filed a caveat to this will, contending that it had been revoked. Each party moved for summary judgment, and the court ruled that there was no issue of fact as to the original validity of the 1984 will. The probate court, sitting as trier of fact, tried the issue of revocation of the 1984 will and found that the 1984 will was the valid and non-revoked last will and testament of Marybelle Warner.

Clinton asserts that the probate court used an incorrect standard of proof. The court found, by a preponderance of the evidence, that the 1984 will was not revoked prior to the drafting of the 1990 will. "Preponderance of the evidence" is the correct standard. OCGA § 53-4-46 (b). The original of the 1984 will could not be produced. Thus, under OCGA § 53-4-46 (a), there is a presumption that the testatrix intended to revoke it. That presumption can be overcome if a copy is established by a preponderance of the evidence to be a true copy, and if it is shown by a preponderance of the evidence that she did not intend to revoke it. OCGA § 53-4-46 (b).

And the evidence supports the court's decision. The 1984 will was consistent with the prior wills of 1981 and 1982, and with the draft of the 1990 will. All showed that the testatrix did not wish to leave her entire estate to her son Clinton, either by will or by intestacy. On several occasions, she expressed her intent to leave her estate to her mother and not to her son Clinton, whom she considered

to be primarily the responsibility of her former husband. When meeting with the attorney who drafted the 1990 will, she brought either a copy of the 1984 will, or the original (given the quality of his office copier in 1990 and the clarity of the copy in his files, and the fact that the copy in his files showed signatures, the attorney believed that the copy was made from the signed original of the 1984 will, but could not state with certainty that he was supplied with the original of the 1984 will). The court found that the attorney was supplied with either a copy or the original. There was no evidence to show that the 1984 will had been previously destroyed or to otherwise support the conclusion that the testatrix had revoked the 1984 will prior to 1990.

Clinton, however, contends that applying a preponderance of the evidence standard of proof is inappropriate when the doctrine of dependent relative revocation is involved, and that when applying that doctrine, proof must be by "clear and convincing evidence." He bases this contention on the usual statement of the doctrine;

> if it is clear that the cancellation and the making of the new
> will were parts of one scheme, and the revocation of the old
> will was so related to the making of the new as to be dependent upon it, then if the new will be not made, or if made is
> invalid, the old will, though canceled, should be given effect,
> if its contents can be ascertained in any legal way.

See *Havird v. Schlachter*, 266 Ga. 718, 719 (470 SE2d 657) (1996); *McIntyre v. McIntyre*, 120 Ga. 67, 71 (47 SE 501) (1904). The doctrine of dependent relative revocation is one of presumed intent, and it remains the intent of the testatrix that is the crucial issue. *Havird*, supra; *McIntyre*, supra.

Former OCGA § 53-3-6 (a) and (b) specified that when a will was lost, there arose a presumption of revocation that could be rebutted by clear and convincing evidence. However, in 1996 the General Assembly passed legislation which struck this section of the Code and carried forward the same concept in OCGA § 53-4-46; the legislation was effective January 1, 1998. Ga. L. 1996, p. 504, §§ 10 & 15. In 1998, then-OCGA § 53-4-46 was stricken, and the present OCGA § 53-4-46 was created, including subsections (a) and (b). Ga. L. 1998, p. 1586, § 16. OCGA § 53-4-46 (b) now specifies that the presumption of revocation can be rebutted by a preponderance of the evidence. This change was effective July 1, 1998, and therefore applies here, as the testatrix died on October 20, 1998. See *Sardy v. Hodge*, 264 Ga. 548, 549 (448 SE2d 355) (1994).

It is by no means certain that when the doctrine of dependent relative revocation was adopted in this State by *McIntyre*, supra, that the use of the language "if it is clear" required that the doctrine must

be proved by clear and convincing evidence. But even if that is so, the General Assembly has now declared otherwise. Application of the doctrine is one way in which a propounder satisfies the statutory burden of rebutting the presumption of revocation. See *Havird*, supra at 718. The General Assembly has determined that the burden must be carried by a preponderance of the evidence, and that is the standard which the probate court applied. There was no error in the court's finding that the copy of the 1984 will offered for probate was a true copy of the original, that any revocation of the 1984 will in 1990 was part of a single testamentary scheme, and therefore that the presumption of revocation was rebutted.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 7, 2001.

*Herald J. A. Alexander*, for appellant.

*Moore, Ingram, Johnson & Steele, Melissa W. Gilbert*, for appellee.