## S04A1877. TANKSLEY v. PARKER et al.
### (608 SE2d 596)

FLETCHER, Chief Justice.

Sandra Tanksley challenges the probate court's order admitting to probate a copy of her mother's will. Because Tanksley's brother, David Parker, successfully rebutted the presumption of revocation that comes with probating a copy, we affirm.

Parker filed a petition to probate a copy of his mother's will in Athens-Clarke County probate court, to which Tanksley filed a caveat. The parties elected to proceed without a jury. The probate court held a hearing, after which it concluded that the presumption of revocation had been rebutted and that the copy was a true copy. Tanksley made a direct appeal to this Court.[1]

1. Under OCGA § 53-4-46 (a), if an original will cannot be produced, there is a presumption that the testatrix intended to revoke it. Under OCGA § 53-4-46 (b), this presumption can be rebutted by showing, by a preponderance of the evidence, both that the testatrix did not intend to revoke the will and that the proffered copy is a true copy.[2]

Although witnesses testified that recent acrimony between the decedent's children upset her, only two of these witnesses — Tanksley and her son — testified that this caused her to revoke her will. The probate court found these witnesses "somewhat lacking in credibility," and pointed to other testimony suggesting that the will had been stolen. The probate court also found that the copy was a true copy based on written interrogatories of the subscribing witnesses to the original will. The probate court therefore concluded that the presumption of revocation had been rebutted and that the copy was a true copy.

"Upon appellate review of a bench trial, we will not set aside factual findings made by the trial court unless clearly erroneous. In doing so, we give due deference to the opportunity of the trial court to

---

[1] See OCGA §§ 15-9-120 (2), 15-9-123 (civil litigants in probate courts whose counties have populations exceeding 96,000 persons have right of appeal to this Court as provided by Chapter 6 of Title 5 of the Code). Athens-Clarke County's population is 101,489. See 2000 Census, OCGA Vol. 42, 2004 Supp., p. 221.

[2] See also *Warner v. Reynolds*, 273 Ga. 802, 802 (546 SE2d 520) (2001).

judge the credibility of the witnesses."[3] Tanksley provided us with no transcript of the hearing before the probate court. Therefore, we must assume that the evidence presented was sufficient to support the probate court's findings.[4]

2. Tanksley also contends that our decision in *Singelman v. Singelmann*[5] requires subscribing witnesses to testify in person, which they did not do here. But *Singelman* states that "[e]ven in the case of a will that is not self-proved, witnesses to the will may be examined . . . by written interrogatories . . . [and] the taking of testimony in [this] manner . . . is sufficient for all purposes in the probate proceeding."[6] The subscribing witnesses in the present case testified by written interrogatory as permitted, and thus Tanksley's contention is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 24, 2005.

*Dennis P. Helmreich*, for appellant.

*Winburn, Lewis & Stolz, Franklin L. Lewis, Irwin W. Stolz*, for appellees.

---

[3] *Fowler v. Cox*, 264 Ga. App. 880, 882 (592 SE2d 510) (2003) (citing OCGA § 9-11-52 (a)).

[4] *Edmondson v. Edmondson*, 240 Ga. 611, 612 (241 SE2d 830) (1978).

[5] 273 Ga. 894 (548 SE2d 343) (2001).

[6] Id. at 896 (citing OCGA § 53-5-23).