S08A1401. THOMAS v. SANDS et al.
(668 SE2d 731)

CARLEY, Justice.

In 2000, Melvin Thomas, Sr. (Testator) executed a will in which he left one dollar to Appellant Melvin Thomas, Jr., who was his only son, and left the remainder of his property to Lecia Sands, who was his longtime friend and was also named as executor. After Testator's death in 2005, Ms. Sands petitioned to probate a copy of the will. Appellant filed a caveat and, after a hearing, the probate court admitted the will to probate in solemn form.

Appellant appealed to the superior court. After a bench trial, the superior court ruled that Ms. Sands rebutted the statutory presump-

tion that the original will had been revoked, and that the copy of the will could be probated. Appellant appeals from that order, challenging the sufficiency of the evidence supporting the superior court's finding that Ms. Sands rebutted the presumption of revocation.

Under OCGA § 53-4-46 (a), if an original will cannot be found, a presumption arises that the testator intended to revoke it. However, "[u]nder OCGA § 53-4-46 (b), this presumption can be rebutted by showing, by a preponderance of the evidence, both that the [testator] did not intend to revoke the will and that the proffered copy is a true copy. [Cit.]" *Tanksley v. Parker*, 278 Ga. 877 (1) (608 SE2d 596) (2005).

Appellant does not dispute that Ms. Sands proffered a true copy of Testator's original will. With regard to Testator's intention, she presented the following evidence: The attorney who prepared the will testified that he later did other legal work for Testator, and that Testator never expressed a desire to revoke or change his will. The attorney further testified that, just days after Testator's death, Testator's brother contacted him because he was unhappy that Testator had left everything to Ms. Sands. Moreover, two other witnesses, who were friends of Testator, testified that he told them on many occasions, including one instance just months before his death, that he was leaving one dollar to his son and the rest of his property to Ms. Sands.

> Whether the presumption of revocation is overcome is "determined by the trier of fact, and in reviewing the [judgment], 'the evidence must be accepted which is most favorable to the party in whose favor the [judgment] was rendered.' (Cit.) The presumption of revocation may be rebutted by circumstantial as well as direct evidence, including declarations of the [testator]. (Cit.)" [Cit.]

*Westmoreland v. Tallent*, 274 Ga. 172, 175 (2) (549 SE2d 113) (2001). Having reviewed the evidence in the light most favorable to Ms. Sands, we conclude that the superior court did not err in finding that she rebutted the presumption of revocation.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 27, 2008.

*Gordon & Boykin, Jerry Boykin*, for appellant.

*Kelly & Kelly, Roy R. Kelly III*, for appellees.