S10A0231, S10A0232. STRONG v. HOLDEN (two cases).
(697 SE2d 189)

THOMPSON, Justice.

Doris Reeves executed her last will in the intensive care unit of a hospital two days before she died. The will makes several specific bequests to friends, neighbors, and caregivers. The residue — the majority of the estate — is left in three equal parts to Robert Holden, a longtime friend of Reeves and her husband (who predeceased her),

James Joslin, Reeves' brother, and Janet Nunnelle, a stepdaughter. Three subscribing witnesses, two lawyers and a paralegal, all of whom were employed by the Law Office of Ruthann P. Lacey, P.C., witnessed Reeves sign the will.

Holden offered the will for probate. Joslin filed a caveat to the will and the parties filed cross-motions for summary judgment. The probate court granted propounder's motion, denied caveator's motion, and entered an order admitting the will to probate. Caveator[1] appeals.

1. Caveator asserts a genuine issue of material fact exists as to whether Reeves possessed testamentary capacity to execute a will. We disagree.

Under Georgia law, a testator possesses testamentary capacity to make a will if she understands that a will is intended to dispose of her property at the time of her death, is capable of remembering generally what property is subject to disposition by will as well as those persons related to her, and is capable of setting forth an intelligent scheme to dispose of her property. *Quarterman v. Quarterman*, 268 Ga. 807 (1) (493 SE2d 146) (1997). The focus is on the testator's capacity "at the time of executing the will." *Spivey v. Spivey*, 202 Ga. 644, 652 (2) (44 SE2d 224) (1947). To shed light on the testator's capacity when the will was executed, evidence of the testator's condition both before and after execution of the will is admissible. *Ellis v. Britt*, 181 Ga. 442, 444 (182 SE 596) (1935).

A propounder makes a prima facie showing of testamentary capacity by offering testimony of the subscribing witnesses that the testator appeared to be of sound mind and that she acted freely and voluntarily when she executed her will. *Singelman v. Singelmann*, 273 Ga. 894 (1) (548 SE2d 343) (2001). The burden then shifts to the caveator to show that a genuine issue of material fact remains as to testamentary capacity. Id.; *McGee v. Ingram*, 264 Ga. 649 (2) (448 SE2d 439) (1994).

In this case, the subscribing witnesses averred that Reeves was of sound mind and able to answer questions regarding the value of assets, the identity of family members and friends, and her scheme of disposition. Further, the will contained gifts to friends, caregivers, and family — including caveator and propounder — much like the bequests set forth in Reeves' three previous wills. See *Ellis v. Britt*, supra at 445 (reasonableness of the terms of a will has strong evidentiary value in determining testamentary capacity and undue influence). In view of this evidence, the burden shifted to caveator to

---

[1] Joslin died in May 2009. This appeal is brought by the executrix of his estate, Jamie Strong.

adduce evidence that Reeves lacked testamentary capacity. To meet his burden, caveator submitted the affidavit of a physician who averred that Reeves was taking certain medications that may affect a person's mental abilities. This averment is insufficient to contradict propounder's direct evidence that Reeves possessed testamentary capacity. See *Renden, Inc. v. Liberty Real Estate &c.*, 213 Ga. App. 333, 335 (444 SE2d 814) (1994) ("a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists").

Reeves did not lack the requisite capacity simply because she was elderly, hospitalized, physically weak, vomiting and taking prescribed medications. Compare *Sullivan v. Sullivan*, 273 Ga. 130 (539 SE2d 120) (2000) (evidence authorized finding testator lacked testamentary capacity where oncologist testified he was incapacitated, hallucinating, and irrational in weeks before will was executed).

2. Next, caveator asserts the court erred in granting summary judgment for propounder on the question of undue influence. This assertion is without merit.

> "Evidence showing only that the deceased placed a general trust and confidence in the primary beneficiary is not sufficient to trigger the rebuttable presumption that undue influence was exercised. . . . [T]he evidence must show a confidential relationship wherein the primary beneficiary was capable of exerting the power of leadership over the submissive testator."

*Holland v. Holland*, 277 Ga. 792, 793-794 (596 SE2d 123) (2004).

Reeves was not submissive. She was a strong willed, confident woman, who placed only a general trust and confidence in the propounder. Moreover, as noted above, the reasonableness of Reeves' disposition is indicative of a lack of undue influence. See *Ellis v. Britt*, supra at 445. There is absolutely no evidence showing that the propounder controlled the will, conduct, and interest of Reeves. See *Marlin v. Hill*, 192 Ga. 434, 439 (15 SE2d 473) (1941) (undue influence must amount to fraud, deceit, force, or coercion, destroying the testator's free agency). Caveator's speculation about propounder's supposed influence does not give rise to a genuine issue of material fact. See *Renden, Inc.*, supra.

3. Finally, caveator contends the court erred in granting summary judgment for propounder on the question of whether the will was properly executed. In this regard, caveator claims there are genuine issues of material fact as to whether Reeves (a) properly authenticated the will with a voluntary signature and (b) knew the

contents of her will.

(a) Reeves wanted to place her signature on the will and tried, but was unable, to do so. One of the witnesses assisted Reeves by moving her hand to the signature line. Reeves made a mark on the page; it was her intent that the mark would serve as her signature. Reeves' mark was sufficient to show that she intended to authenticate the instrument as her will. OCGA § 53-4-20 (a). Reeves' intent to authenticate the will cannot be questioned simply because she needed physical assistance to mark the instrument.

(b) The mere fact that only portions of the will were read aloud to Reeves is of no consequence. Reeves' signature on the will gives rise to a presumption that she knew the contents of the will. OCGA § 53-4-21. Caveator offered no evidence to overcome this presumption.

4. The trial court correctly excluded approximately 900 pages of Reeves' medical records because they contained diagnostic opinions and conclusions, and a proper foundation was not laid. *Dennis v. Adcock*, 138 Ga. App. 425, 428 (2) (226 SE2d 292) (1976).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 5, 2010.

*Andrew, Merritt, Reilly & Smith, Michael T. Smith, Brook A. Davidson, Raymon D. Burns*, for appellant.

*Spears & Spears, Malane T. Spears, Caldwell & Watson, Harry W. MacDougald*, for appellee.