S13A0762. JOHNSON et al. v. FITZGERALD.

(751 SE2d 313)

HINES, Presiding Justice.

Lonnie L. Michael ("the Testator") died on September 29, 2010. He had executed a will on November 22, 2002. However, the original of that will could not be found. Nevertheless, Michael King Fitzgerald, who was named executor in the November 22, 2002 will, offered a copy of the will for probate in solemn form, requesting that it be admitted to probate upon proper proof. Danny Johnson, Michael D. Gwirtz, and Patricia A. Gwirtz ("Caveators"), the Testator's heirs at law, filed a caveat, asserting, inter alia, that the November 22, 2002 will had been revoked by the Testator's subsequent destruction of it. After hearing evidence and argument, the probate court admitted the will to probate. Caveators appealed to the superior court, and the case was tried before a jury, which found in favor of the propounded will,

which the trial court then admitted to probate in solemn form. After the denial of their motion for new trial, Caveators appealed to this Court. For the reasons that follow, we affirm.

Caveators made motions for summary judgment, directed verdict, and new trial, and contend that the denial of each was error as there was no evidence authorizing the jury to find that the propounded will was the true last will and testament of the Testator. Under the governing law, if the original of a will cannot be found for probate, there is a presumption that the testator intended to revoke that will. OCGA § 53-4-46 (a).[1] But, "[t]hat presumption can be overcome if a copy is established by a preponderance of the evidence to be a true copy,[2] and if it is shown by a preponderance of the evidence that [he] did not intend to revoke it. OCGA § 53-4-46 (b)." *Warner v. Reynolds*, 273 Ga. 802 (546 SE2d 520) (2001).

> Whether the presumption of revocation is overcome is determined by the trier of fact, and in reviewing the judgment, the evidence must be accepted which is most favorable to the party in whose favor the judgment was rendered. The presumption of revocation may be rebutted by circumstantial as well as direct evidence, including declarations of the testator.

*Thomas v. Sands*, 284 Ga. 529 (668 SE2d 731) (2008) (Citations and punctuation omitted.)

Put simply, under the propounded will, $50,000 was bequeathed to the Bogart Baptist Church to be used for its cemetery fund, and $50,000 was bequeathed to Fitzgerald; the will named a trust which benefitted the Lonnie L. Mitchell Foundation as the residuary beneficiary. And, there was ample evidence that, after November 22, 2002, the Testator intended this residuary bequest, and thus the propounded will, to continue in force. On June 5, 2003, the Testator executed a document guiding the trust referenced in the will, and he amended the trust on January 12, 2006; these actions would have had no purpose if the Testator did not intend to fund the trust through the

---

[1] OCGA § 53-4-46 reads:
    (a) A presumption of intent to revoke arises if the original of a testator's will cannot be found to probate.
    (b) A copy of a will may be offered for probate in accordance with Chapter 5 of this title in lieu of the original will if the original cannot be found to probate, provided that the copy is proved by a preponderance of the evidence to be a true copy of the original will and that the presumption of intent to revoke set forth in subsection (a) of this Code section is rebutted by a preponderance of the evidence.

[2] No issue is presented on appeal regarding the proof that the document offered by Fitzgerald was a true copy of the will that the Testator signed on November 22, 2002.

residual clause of the propounded will. Further, in discussions with his attorney about the 2006 trust amendment, the Testator understood that his assets had risen to a point that the church originally named as the primary beneficiary of the trust might not have need for the full amount, and he wished to give the trustees more flexibility to fund charitable contributions from the money that would come to the trust from the will.

Additionally, in 2004, the Testator told the pastor of the Bogart Baptist Church that he was leaving money for the cemetery fund in his will; the Testator also expressed disdain for what he considered his relatives' greed, stated that he did not wish them to have his money, and did not express a contrary sentiment thereafter. See *Thomas*, supra. Wills that the Testator executed before the execution of the propounded will were introduced, and were consistent with the propounded will in the amount left for the cemetery fund, and the exclusion of Caveators. Although Caveators moved to exclude these prior wills from evidence, contending that they were irrelevant, the trial court properly ruled that they were relevant to the issues to be tried; such wills can show a consistent testamentary scheme, supporting an inference of that testamentary intent carrying into the period during which revocation is presumed. See *Warner*, supra at 802-803.

Accordingly, the jury was authorized to find by a preponderance of the evidence that Fitzgerald had rebutted the presumption of revocation. Although Caveators argue that *Lyons v. Bloodworth*, 199 Ga. 44 (33 SE2d 314) (1945), requires a different result, to the extent *Lyons* involved a burden of proof other than "preponderance of the evidence" to overcome the presumption of revocation, it has been superseded by the General Assembly's 1996 enactment of OCGA § 53-4-46 (b), specifying "preponderance of the evidence" as the burden of proof. *Warner*, supra at 803-804.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 18, 2013.

*Thomas M. Strickland*, for appellants.
*Cowsert & Avery, William S. Cowsert*, for appellee.